Stanley Goff, Bar No. 289564
15 Boardman Place Suite 2
San Francisco, CA 94103
Telephone: (415) 571-9570
Email: scraiggoff@aol.com

Attorney for Plaintiff Scanvinski Hymes

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| SCANVINSKI HYMES,<br><br>　　　Plaintiffs,<br><br>v.<br><br><br><br>SACRAMENTO COUNTY; DEPUTY STEPHEN MICHAEL BUCCELLATO, and DOES 1-25;<br><br>　　　Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Violation of Fourteenth Amendment 42 U.S.C §1983 (Deliberate Indifference, *Monell*)<br>2. Negligence (Vicarious Liability)<br>3. Declaratory and Injunctive Relief<br><br><br><br>**DEMAND FOR JURY TRIAL** |
|---|---|

1

Plaintiff, demanding a jury trial, brings this civil rights action against Defendants SACRAMENTO COUNTY, SACRAMENTO COUNTY SHERIFF'S DEPUTY STEPHEN MICHAEL BUCCELLATO, and DOES 1-25, inclusive, for general, consequential, compensatory, punitive and statutory damages, costs and attorneys' fees resulting from defendants' unconstitutional and tortious conduct, and therefore allege as follows:

### I. PARTIES

1. Plaintiff Scanvinski Hymes, is an individual who is currently an inmate housed in the San Francisco County Jail in San Francisco Ca.

2. Defendant Sacramento County is a legal entity established under the laws of the State of California with all the powers specified and necessarily implied by the Constitution and laws of the State of California. Sacramento County is a municipality located within the Eastern District of California.

3. Defendant Sacramento County Sheriff's Deputy Stephen Michael Buccellato is an individual and was employed by the Sheriffs Office of Sacramento County at all times relevant to this complaint. This Defendant is being sued in his individual capacity.

4. Defendant Does 1-25 are defendants whose capacities are unknown to Plaintiffs, but upon ascertaining these individuals identities, the Plaintiffs will seek leave to amend to name these people as defendants in this case.

5. All defendants acted under the color of law as it pertains to this complaint.

### II. JURISDICTION AND VENUE

6. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and 12132 and the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in Sacramento County, which is located in the Eastern District.

## III. STATEMENT OF FACTS

8. On August 17, 2018, the Plaintiff was being transferred by the Defendant from Family Court in Sacramento back to the Sacramento County Jail.

9. The Defendant shackled the Plaintiff in handcuffs and leg restraints and placed him in a seat in the back of a transport vehicle. However, the Defendant did not secure the Plaintiff in a seat belt.

10. While in route to the Sacramento County Jail from Family Court, the Defendant drove the transport vehicle at unsafe speeds and in a reckless manner, which led to him slamming on the brakes in an abrupt and reckless manner.

11. Due to the Defendants' reckless driving, the transport vehicle rear-ended another vehicle.

12. As a result of the force of impact from the collision, the Plaintiff, who was not restrained in a seat belt and could not break his fall with his restrained hands, was thrown with great force approximately five feet inside of the transport vehicle, causing him to suffer severe injuries to his back.

13. Plaintiff has filed a timely government claim against Defendants pursuant to California Government Code §910, et seq. Plaintiff's claim was subsequently rejected by Sacramento County on March 5, 2019.

## IV. CAUSES OF ACTION

### FIRST CLAIM

**(Violation of Fourteenth Amendment Rights 42 U.S.C §1983 (Due Process – As to All Defendants)**

14. Plaintiff Scanvinski Hymes incorporates herein by reference the preceding paragraphs of this complaint as fully set forth herein.

15. That the transport of the Plaintiff to the Sacramento County Jail, the Defendant Stephen Michael Buccellato did not secure the Plaintiff in a seatbelt, while he was being transported in a vehicle operated by the Defendant.

16. That during the time that the Plaintiff was not secured in a seatbelt, the Defendant Stephen Michael Buccellato operated the transport vehicle carrying the Plaintiff in a reckless manner.

17. That as a result of the Defendant operating the transport vehicle carrying the Plaintiff in a reckless manner, they were involved in an auto collision.

18. That as result of the Plaintiff not being secured in a seatbelt in combination with the Defendant operating the transport vehicle in a reckless manner, the Plaintiff was thrown with great force inside of the transport vehicle, causing him to suffer severe injuries to his back.

19. Defendant Stephen Michael Buccellato exhibited deliberate indifference to Plaintiff's constitutional rights in that Defendant knew of the dangerous condition that the Plaintiff was placed in by the Defendant not securing him in a seatbelt and driving in a reckless manner, knew of the risk of danger those conditions posed, and failed to take any corrective action to remedy those conditions.

20. The acts of Defendant constituted a violation of the Fourteenth Amendment to the Constitution of the United States.

21. Plaintiff suffered damages, including physical and emotional injury, as a result of the Defendant's acts.

22. The foregoing violation of Scanvinski Hymes' constitutional rights occurred as the result of the deliberate, reckless, and malicious acts, omissions, and practices of the Sacramento County Sheriff's Department. Plaintiff is informed and believes that Sacramento County has sanctioned and ratified its sheriff's deputies' actions to engage in the deliberate indifference to Plaintiff's constitutional rights, including in this case; failed to train and supervise its deputies properly to ensure they transport pre-trial detainees under the color of the law; and acted with deliberate indifference in failing to properly train its deputies or to adopt policies necessary to prevent such constitutional violations.

23. The conduct of the named Defendant as alleged, was done in conscious disregard of Plaintiff's rights and safety and thus constitutes malice.

24. Because the above acts were performed in a malicious, and/or oppressive manner, Plaintiff is entitled to recover punitive damages from the named Defendants Officers in an amount according to proof.

## SECOND CLAIM

**(Negligence Claim – As to all Defendants and Does 1-25)**

25. By virtue of the foregoing, Defendant Stephen Michael Buccellato owed Plaintiff a duty of due care not to cause the Plaintiff to be placed in dangerous conditions, and that this duty was breached by the Defendant when he failed to secure the Plaintiff in a seatbelt, and operated the transport vehicle carrying the Plaintiff in a reckless manner.

26. That as a direct and proximate cause of the aforementioned acts of Defendant, Plaintiff was injured as set forth above and is entitled to compensatory damages according to proof at the time of trial.

27. Defendant is liable for all injuries caused by their acts, to the same extent as a private person pursuant to California Government Code Section 820(a).

28. Defendant as public employee is not exonerated or immune from liability for negligence for causing the Plaintiff to suffer harm pursuant to California Government Code Section 820.8.

**(Vicarious Liability – As to City and County of San Francisco)**

29. Because the Defendant Stephen Michael Buccellato was acting as an employee of Sacramento County at the time of the incident, and because he were acting within the scope and course of his employment and under the direct control and supervision of Sacramento County, Sacramento County is liable to the Plaintiff for negligence pursuant to California Government Code §815.2.

**(Declaratory and Injunctive Relief)**

30. Plaintiffs incorporate herein by reference the preceding paragraphs of this complaint as fully set forth herein.

31. There is a real and significant possibility that Defendant(s) will repeat their misconduct (or that they have committed similar acts in the past). To prevent the Plaintiff and other pre-trial detainees from being deprived of their Fourteenth Amendment rights, Plaintiff requests that this Court declare that the Defendants' acts were unlawful as a matter of law.

## V. PRAYER FOR RELIEF

Plaintiffs pray for judgment against Defendants as follows:

1. For compensatory damages and other special damages according to proof;
2. For general damages according to proof;
3. For punitive damages against all individual Defendants according to proof;
4. The prejudgment interest at the legal rate according to proof;
5. For costs and reasonable attorneys' fees as provided by law; and
6. For such other relief as the Court may deem fit and proper.

LAW OFFICE OF STANLEY GOFF

Dated: April 24, 2019         /s/ STANLEY GOFF
                              STANLEY GOFF
                              Attorneys for Plaintiff