UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCANVINSKI HYMES,

   Plaintiff,

 v.

SACRAMENTO COUNTY, et al.,

   Defendants.

No. 2:19-cv-0750 JAM AC P

ORDER

I.  Introduction

  Plaintiff, who was previously detained in the Sacramento County Jail, proceeds with counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff paid the filing fee. This order screens plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and directs plaintiff to timely serve process on the appropriate defendants.

II.  Screening of Plaintiff's Complaint

  A.  Legal Standards for Screening Prisoner Civil Rights Complaints

  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Pleadings shall be so construed as to do justice." Fed. R. Civ. P. 8(e). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly at 557).

        B.      Plaintiff's Allegations

Plaintiff alleges that, on August 17, 2018, he was injured while being transported from the Sacramento County Family Court back to the Sacramento County Jail. Plaintiff states that he was shackled in handcuffs and leg restraints and placed in a seat in the back of the transport vehicle without being secured in a seat belt. He alleges that defendant Stephen Michael Buccellato, a Sacramento County Sheriff's Deputy, "drove the transport vehicle at unsafe speeds and in a reckless manner, which led him to slamming on the brakes in an abrupt and reckless manner . . . [and] rear-ended another vehicle. ECF No. 1 at 3. "As a result of the force of impact from the collision, the Plaintiff, who was not restrained in a seat belt and could not break his fall with his

restrained hands, was thrown with great force approximately five feet inside of the transport vehicle, causing him to suffer severe injuries to his back." Id.

Plaintiff names as defendants Deputy Buccellato in his individual capacity, Sacramento County, and Does 1-25. Plaintiff states that he "filed a timely government claim against Defendants pursuant to California Government Code § 910 et seq. [which] was subsequently rejected by Sacramento County on March 5, 2019." ECF No. 1 at 3 ¶ 13.

Plaintiff asserts a federal due process claim against "all defendants;" a state law negligence claim against "all defendants and Does 1-25;" and a state law vicarious liability claim against Sacramento County.[1] Plaintiff seeks declaratory and injunctive relief (with the goal of preventing similar injuries to other Sacramento County detainees), as well as compensatory, general and punitive damages.

### C. Analysis

#### 1. Doe Defendants

The complaint makes no charging allegations against "Defendant Does 1-25," noting only that their capacities are unknown "but upon ascertaining these individuals' identities, the Plaintiff will seek leave to amend to name these people as defendants in this case." ECF No. 1 at 2 ¶4.

Inclusion of "Doe" defendants is disfavored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Moreover, a complaint that fails to identify specific acts by a defendant that allegedly violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a), Federal Rules of Civil Procedure. See Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir.1982). Nevertheless, when the identity of alleged defendants cannot be known prior to the filing of a complaint, plaintiff should be given an opportunity through discovery to identify them. Gillespie, 629 F.2d at 642. Failure to afford the plaintiff such opportunity is error. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).

////

---

[1] The title of this claim inaccurately alleges vicarious liability against the City and County of San Francisco. ECF No. 1 at 5. The court construes the title as an error, because the text that follows text is limited to allegations against Sacramento County. Id.

Accordingly, if plaintiff learns the identity of a Doe defendant through discovery or other means, he may move to file an amended complaint to add the newly-identified defendant by name. Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003). Plaintiff should seek to discover the identity of Doe defendants and move to substitute them into this case as soon as possible. Failure to identify a Doe defendant and serve him or her prior to the close of discovery will result in a recommendation that the claims against Does 1-25 be dismissed.

### 2. Federal Failure-to-Protect Claims

Plaintiff alleges that defendant Buccellato "exhibited deliberate indifference to Plaintiff's constitutional rights in that Defendant knew of the dangerous condition that the Plaintiff was placed in by the Defendant not securing him in a seatbelt and driving in a reckless manner, knew of the risk of danger those conditions posed, and failed to take any corrective action to remedy those conditions." ECF No. 1 at 4 ¶19. As set forth by the Ninth Circuit, "the elements of a pretrial detainee's Fourteenth Amendment failure-to-protect claim against an individual officer" are as follows:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious; and
>
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.
>
> With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case.

Castro v. County of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016) (fn., internal citations, quotation marks and editing omitted). Under these standards, the court finds that plaintiff's specific allegations against defendant Buccellato, in his individual capacity, state a Fourteenth Amendment failure-to-protect claim.

////

4

Plaintiff also states a cognizable failure-to-protect claim against Sacramento County based on his allegations that "Sacramento County has sanctioned and ratified its sheriff's deputies' actions to engage in the deliberate indifference to Plaintiff's constitutional rights, including in this case; failed to train and supervise its deputies properly to ensure they transport pre-trial detainees under the color of the law; and acted with deliberate indifference in failing to properly train its deputies or to adopt policies necessary to prevent such constitutional violations." ECF No. 1 at 4 ¶22. Plaintiff has sufficiently alleged, within the context of his other allegations, that the practice, custom and/or policy of Sacramento County to transport detainees without securing them in seatbelts resulted in plaintiff's injuries. "The first inquiry in any case alleging municipal liability under § 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. The custom or policy must be a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." Castro, 833 F.3d at 1075 (citations, internal quotation marks and punctuation omitted).

### 3. State Law Claims

The complaint alleges that defendant Buccellato owed plaintiff a duty of due care that he breached "when he failed to secure the Plaintiff in a seatbelt, and operated the transport vehicle carrying the Plaintiff in a reckless manner," and that these acts were the "direct and proximate cause" of plaintiff's injuries. ECF No. 1 at 5 ¶¶ 25-6. Under California law, "the elements of actionable negligence are: (1) a legal duty to use due care; (2) a breach of that duty; (3) causation; and (4) damages." Coppola v. Smith, 935 F. Supp. 2d 993, 1013 (E.D. Cal. 2013) (citations omitted). Applying these standards, it is clear that the allegations of the complaint are sufficient to state a cognizable state law negligence claim against defendant Buccellato. As plaintiff notes, Buccellato's status as a public employee does not insulate him from this claim. See Cal. Govt. Code § 820(a) ("Except as otherwise provided by statute (including Section 820.2 [excluding discretionary acts], a public employee is liable for injury caused by his act or omission to the same extent as a private person.").

////

The complaint also states a cognizable vicarious liability against Sacramento County under California Government Code section 815.2(a) ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative."). The requirements of this statute are met by plaintiff's specific allegations that defendant Buccellato "was acting as an employee of Sacramento County at the time of the incident, . . . within the scope and course of his employment and under the direct control and supervision of Sacramento County[.]" ECF No. 1 at 5 ¶29.

### D. Summary

The court finds, pursuant to screening under 28 U.S.C. § 1915A, that plaintiff's complaints states cognizable failure-to-protect claims, under the Fourteenth Amendment, against defendant Buccellato and Sacramento County; a state law negligence claim against defendant Buccellato; and a state law vicarious liability claim against Sacramento County. As currently framed, the complaint does not state a cognizable claim against any Doe defendant. Plaintiff will have until the close of discovery to identify a cognizable claim against a specific Doe defendant and to seek leave of court to file an amended complaint that includes such claim and defendant; failure to do so will result in a recommendation that all Doe defendants be dismissed from this action.

### IV. Conclusion

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to issue and send to counsel for plaintiff, together with a copy of this order, two summonses for defendants Buccellato and Sacramento County. The Clerk shall also send plaintiff three copies of the form "Consent to Proceed Before United States Magistrate Judge."

2. Plaintiff shall complete service of process on defendants within sixty (60) days after the filing date of this order. Plaintiff shall serve a copy of this order and a copy of the form "Consent to Proceed Before United States Magistrate Judge" on each defendant at the time the summons and complaint are served.

3. Defendants shall respond to the complaint within the time provided by the applicable provisions of Fed. R. Civ. P. 12(a).

DATED: December 30, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE